## INTERNATIONAL GRAPHICS, INC., AN ARKANSAS CORPORATION v. KELLY BRYANT, AS SECRETARY FOR THE STATE OF ARKANSAS ET AL

5-5970                                           482 S.W. 2d 820

Opinion delivered July 24, 1972

*Spitzberg, Mitchell & Hays,* for appellant.

*Smith, Williams, Friday, Eldredge & Clark,* by: *Michael G. Thompson* and *Joe D. Beel* and *Joseph D. Morley,* for appellees.

GEORGE F. HARTJE, Special Justice. This action was brought against Kelly Bryant, as Secretary of the State of Arkansas, to require him, under a mandamus proceeding, to approve and accept several bids submitted by appellant, International Graphics, Inc., on state printing contracts. Appellant had submitted its bid in response to a Notice to Bidders on the appointed day and prior to the 10:00 a.m. deadline. The testimony is not in conflict as to what followed. About 11:30 a.m. while bids were being opened and read, but prior to any of appellant's bids being opened and read, appellant notified the Secretary of State that it had not executed the general provisions included with the bids as required by the Official Instructions to Bidders Upon State Printing Contracts and offered to substitute signed copies of the general provisions at that time and was refused by the appellee. Later, when its bids were opened, appellant was the apparent low bidder on several contracts to be awarded, but the contracts were awarded to other bidders upon the grounds that the appellant had failed to meet all of the requirements for a qualified bidder, and that its bid was not acceptable.

The lower court dismissed the petition for Writ of Mandamus but found by way of declaratory judgment that appellant was the lowest responsible bidder and should have been awarded the contracts. Appellant appealed from the dismissal of its mandamus action, and appellee cross appealed from the finding that appellant was the lowest responsible bidder.

The Official Instructions to Bidders Upon State Printing Contracts provided in paragraph 4:

"A properly executed copy of the form entitled 'General Provisions Applying to all State Printing Contracts' must be attached to each bid upon each contract."

These general provisions are a very important part of any state printing contract. They, specifically set forth the answers to various questions and requirements of the contract as to the quality of workmanship acceptable, the procedures to be followed, questions regarding overruns and underruns, delivery methods and charges, quality of products to be used, items which become the property of the State of Arkansas, etc. Without the general provisions a printing contract is incomplete. The general provisions are, in effect, the "fine print" of the contract and official requirements and instructions to each bidder are that they will be properly executed. In this instance a proper execution would require the signature of the bidder or its representative. The appellant argues, however, that the bid as executed by it contained wording

"(that the work will be done) in compliance with the attached general provisions for the state printing contracts as fixed by law,"

and that although it did not execute the general provisions, they were incorporated by reference in its signed bid, and thus their execution was not required. Where a written contract refers to another instrument and makes the terms and conditions of such instrument a part of it, the two will be construed together as the agreement of the parties. See Am. Jur. 2d Vol. 17, Sec. 263, page 666.

Here there was no contract, only an offer to contract which sought to incorporate by reference the general provisions which specifically provided:

"A copy of these provisions is to be signed, attached to and made an integral part of each contract bid upon."

The general provisions also contained a prepared place for the signature of the bidder or its representative. This requirement of execution is not a harsh or impossible one and was well known to appellant, who had bid upon state contracts properly in the past and who had at one time, according to the testimony, printed many copies of the Official Instructions to Bidders Upon State Contracts for the appellee. No contract having ever been entered into between the parties to this action, it follows that the general provisions were not incorporated by reference, because it was the clear intention of the appellee that the completed contract include a properly executed agreement to the general provisions.

It is quite possible that should appellant have subsequently determined that the contracts were unfavorable, it might well have taken the position that it was not bound to perform in accordance with the general provisions, it having not executed them specifically as required. Not only that, but if appellant's bid had been accepted, the other bidders who had executed the general provisions and thus complied with all requirements, could well feel that they had been treated unjustly and unfairly.

The appellant did not submit a proper bid upon the printing contracts sought by it and denied it, and thus it was not the lowest responsible bidder as by law required. The appellee was correct in rejecting the improperly submitted bid.

The judgment is reversed on cross appeal, and thus the questions raised on the direct appeal become moot.

HOLT, j., not participating.